## TEXAS *v.* NEW JERSEY ET AL.

No. 13, Original. Decided February 1, 1965.—Decree entered
April 26, 1965.

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Each item of property in question in this case as to which a last-known address of the person entitled thereto is shown on the books and records of defendant Sun Oil Company is subject to escheat or custodial taking only by the State of that last-known address, as shown on the books and records of defendant Sun Oil Company, to the extent of that State's power under its own laws to escheat or to take custodially.

2. Each item of property in question in this case as to which there is no address of the person entitled thereto shown on the books and records of defendant Sun Oil Company is subject to escheat or custodial taking only by New Jersey, the State in which Sun Oil Company was incorporated, to the extent of New Jersey's power under its own laws to escheat or to take custodially, subject to the right of any other State to recover such property from New Jersey upon proof that the last-known address of the creditor was within that other State's borders.

3. Each item of property in question in this case as to which the last-known address of the person entitled thereto as shown on the books and records of defendant Sun Oil Company is in a State, the laws of which do not provide for the escheat of such property, is subject to escheat or custodial taking only by New Jersey, the State in which Sun Oil Company was incorporated, to the extent of New Jersey's power under its own laws to escheat or to take custodially, subject to the right of the State of the last-known address to recover the property from New Jersey if and when the law of the State of the last-known address makes provision for escheat or custodial taking of such property.

4. Any relief prayed for by any party to this action which is not hereby granted is denied.