Salvatore J. SYLVESTRI, Plaintiff,

v.

The WARNER & SWASEY CO., Inc., Defendant.

Salvatore J. SYLVESTRI, Plaintiff,

v.

COMAD, INC., Defendant.

United States District Court
S. D. New York.

Aug. 12, 1965.

As Modified Oct. 14, 1965.

Zelenko & Elkind, New York City, for plaintiff; Arnold B. Elkind, New York City, of counsel.

Purdy, Lamb & Catoggio, New York City, attorneys of counsel to Schaffner & Furey, New York City, for defendant Warner & Swasey Co., Inc.; William E. Fay, III, New York City, of counsel.

Allen M. Taylor, New York City, for defendant Comad, Inc.; Martin M. Baxter, New York City, of counsel.

WYATT, District Judge.

This is a motion by Comad, Inc., defendant in the action numbered 64 Civ. 484, for judgment in its favor on the pleadings. Fed.R.Civ.P. 12(c). The motion is denied.

Plaintiff avers that he was injured in the State of New York on August 18, 1961 while using certain road building equipment manufactured by The Warner & Swasey Co., Inc. ("Warner"). He filed his complaint in this Court against Warner alone in action 62 Civ. 2884 on August 20, 1962.

On February 13, 1964 plaintiff filed his complaint in this Court against Comad alone in action 64 Civ. 484. The claim is alleged to arise out of the same accident on August 18, 1961 and it is alleged that the equipment at fault was bought from Comad or its predecessor.

The two actions were consolidated by order of Judge Cooper filed June 15, 1964. In each action, the basis of federal jurisdiction is diversity of citizenship, plaintiff being a citizen of New York and each defendant being a citizen of New Jersey.

The relevant facts appear without dispute from the pleadings and papers on file.

The motion raises the issue whether, on the facts, the action is barred by the Statute of Limitations. The applicable limitation in New York law is three years. The requirement of New York law is that "actions" such as this "must be commenced within three years". CPLR ¶214(5)

Defendant Comad is a New Jersey corporation, at all relevant times has been authorized to do business in New York, and could be properly served with process by service on the Secretary of State of New York. Business Corporation Law McKinney's Consol.Laws, c. 4, §§ 304, 1301, 1304, 1305.

The complaint was filed in this Court on February 13, 1964. A summons was issued on the same date which plaintiff on the same date delivered to the Marshal, asking that it be served on defend-

ant at 11 Main Street, Little Ferry, New Jersey. The Marshal promptly forwarded the summons to the Marshal in the District of New Jersey whose return states that when he attempted to serve the summons on February 13, 1964 he was told by an office clerk of Clark Equipment Co. that "Clark Equipment Co. bought the Comad, Inc. out on November 1, 1963." Plaintiff thereupon directed the Marshal to serve defendant by serving Clark Equipment Co. as agent for Comad, at 485 Lexington Avenue in New York City. The Marshal made such service on March 23, 1964.

Comad served an answer which was filed on April 13, 1964. The second defense in the answer was that there was no personal jurisdiction of Comad because no personal service had been made. Since this answer was served *before* it could be argued that the statute of limitations had run, there was no reference in the answer to any defense of the statute of limitations.

As noted above, the two actions were consolidated on June 15, 1964.

On July 10, 1964, Warner, defendant in the action numbered 62 Civ. 2884, served Comad with notice of a motion under Fed.R.Civ.P. 13(g) and 15 for an order permitting it to file a cross-claim against Comad based on the claim that if Warner is liable to plaintiff then Comad is liable to Warner because of its "active negligence". This motion was denied (without prejudice) by Judge Palmieri on the representation by Comad that it wished to contest the jurisdiction of this Court over it.

After August 18, 1964, Comad moved to vacate service of process on it.

Plaintiff then caused an additional summons to be issued and served on October 22, 1964 on the Secretary of State.

Comad conceded that this service of process was valid and on November 6, 1964—within the 20 day permitted period —filed another answer. This answer, of course, pleaded as a defense the New York Statute of Limitations.

The present motion followed.

If the action were pending in a New York State Court and this motion were made, it would have to be granted.

The law of New York is: "An action is commenced and jurisdiction acquired by service of a summons". CPLR § 304.

■ Moreover, the law of New York is that the limitations statute stops running when "the claim is interposed" which is further defined to mean either when the summons is served or when the summons is "delivered for service * * * if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision. * * *" CPLR § 203.

In the case at bar, the summons was "delivered for service" on February 13, 1964. Proper service was in fact made on October 22, 1964. The "period of limitation would have expired" on August 18, 1964 and "sixty days" thereafter brings us to October 17, 1964. The service on October 22, 1964, was not timely.

■ In New York, when service of a summons is relevant for purposes of the statute of limitations, there must be valid service. Erickson v. Macy, 236 N.Y. 412, 140 N.E. 938 (1923). Thus, the earlier service in the case at bar would be irrelevant under New York law.

Fed.R.Civ.P. 3, however, states flatly that an "action is commenced by filing a complaint with the court". Plaintiff in this instance exercised diligence in attempting to effect service.

■ The hard choice must be made therefore as to whether New York laws or the Federal Rules govern the present issue.

■ Plaintiff would avoid this problem by suggesting that Comad is estopped to raise the defense of limitations. It is true that an affidavit of counsel for Comad, sworn to June 8, 1964 states that the action "was commenced * * * on March 23, 1964 by the service of a summons and complaint * * *". But at the same time Comad had earlier

served an answer denying the validity of the service made. Thus, no basis for any estoppel exists. Plaintiff was on notice from service of this answer, filed April 13, 1964, that Comad was contesting the service and any personal jurisdiction over it.

The hard choice must be faced.

The case at bar cannot be distinguished from Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). If Ragan is still good law, it would be my duty to follow it and to grant this motion.

■ Whether Ragan is still good law after Hanna v. Plumer, 380 U.S. 518, 85 S.Ct. 1136, 14 L.Ed.2d 49 (April 26, 1965), is the difficult question. Mr. Justice Harlan, in a separate concurring opinion in Hanna for himself alone, states that Ragan was wrongly decided (85 S.Ct. at 1147). The circumstance that I agree with Mr. Justice Harlan is of no significance; right or wrong at the time, if Ragan is good law now I must follow it.

Study of Hanna v. Plumer, above, convinces me that its reasoning points away from Ragan. Hazardous though it be, I must therefore conclude that the Supreme Court after Hanna would no longer follow Ragan.

■ The principle applied in Ragan was that if "one is barred from recovery in the state court, he should likewise be barred in the federal court" (337 U.S. at 532, 69 S.Ct. at 1234). This principle cannot survive Hanna because admittedly plaintiff in Hanna was barred from recovery in the state courts.

The emphasis in Hanna is rather on the supremacy of the Federal Rules when squarely in conflict with state law plus promotion of a policy to prevent "forum shopping" (85 S.Ct. at 1142, 1143).

Nothing need be said as to the supremacy of Federal Rules when, as here, Rule 3 is plainly applicable.

As to "forum shopping" there was no difference (so far as the statute of limitations is concerned) at the time the complaint was filed in this Court, between a suit in this Court and one in the state court. There was ample time to satisfy the requirements in either court. Rule 3, therefore, could not possibly have influenced the choice of forum. It may be noted in this connection that it is plaintiff who is a citizen of New York; it is the defendants who are non-citizens.

I recognize that there is a distinction between the precise point involved in Hanna and the precise point involved here. The distinction is pointed out in footnote 1 to the opinion of the Court in Hanna (85 S.Ct. at 1139). It is also true that the opinion in Hanna refers several times to Ragan and does not expressly discredit Ragan.

But, as indicated, I can see no distinction in substance between the situation in Hanna and that here (or in Ragan).

The spirit of the Hanna decision—if not its letter—indicates that this motion must be denied.

While not to be considered in making the decision, it is some comfort that the result in the case at bar accords with accepted notions of fair play. Comad had full actual notice of the exact dimensions of this claim long before the statute of limitations had run on any theory. If ever there was a "hard case" for the application of the Ragan rule, it is the case at bar.

Moreover, no public policy of New York is shown to be here involved.

In this connection, it should be noted—as every experienced lawyer in this State does note—that the practice of filing papers is entirely different in the New York courts from that in federal courts. There is no New York filing provision such as that of Fed.R.Civ.P. 3 or of 5(d). It is possible under New York practice for actions to be commenced, pleadings completed, depositions taken, and settlements effected without any papers being filed in any court. Thus, a party may not by inspection of public files of New York courts determine the existence of actions in which he is named as a de-

528

fendant. Under this type of practice, it is entirely logical for New York to attach significance under its practice to service of the summons; the same logic does not seem applicable under the practice provided by the Federal Rules.

The motion is, for the reasons indicated, denied.

So ordered.