Vincent GRAZIANO, Plaintiff-Appellant,

v.

George W. PENNELL, Defendant-Appellee.

No. 205, Docket 30744.

United States Court of Appeals
Second Circuit.

Argued Nov. 29, 1966.

Decided Jan. 6, 1967.

Alfred Julien, Herman B. Glaser, New York City, for plaintiff-appellant.

Donald T. Brudie, Dominic J. Cornella, New York City, for defendant-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge:

This appeal from an order dismissing a diversity action for personal injuries as time-barred raises a question of the interrelation of state and federal law.

Graziano, a resident of Pennsylvania, brought this action in the District Court for the Southern District of New York against Pennell, who was alleged to be a resident of New Jersey but insists he is now one of New York. The claim was for injuries inflicted by Pennell's automobile in Orange County, New York, on July 1, 1961. The complaint was filed and a summons issued on January 6, 1965, but the defendant was not served until April 29, 1965.

Pennell moved to dismiss on the basis of New York's three-year statute of limitations, CPLR § 214(5). Although Graziano advanced other grounds for avoiding the time bar, the only one now seriously pressed is based on CPLR § 205(a), which reads:

"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination."

The facts alleged to bring plaintiff within that provision are as follows:

Shortly after the accident, on November 28, 1961, Graziano brought an action in the Supreme Court, New York County, obtaining jurisdiction over the defendant, then a New Jersey resident, by serving the New York Secretary of State pursuant to § 253 of the Vehicle and Traffic Law, McKinney's Consol.Laws, c. 71. In early January, defendant answered and demanded a bill of particulars. Plaintiff never complied; therefore on September 18, 1962, Mr. Justice Streit entered a 60 day preclusion order pursuant to R.C.P. 115, now CPLR R. 3042. No steps were ever taken to vacate such order, and no reasons have ever been given why plaintiff did not comply with it. After objection on the score of improper venue the action was then transferred to Orange County by consent. There it has lain dormant since, as we were told at argument, plaintiff cannot practically proceed in light of the preclusion order. Apparently in an effort to get out of this box Graziano commenced a second action against Pennell, then a New York resident, in the Supreme Court, New York County, on June 15, 1964. The second action, although brought within the three-year period of limitations, encountered a predictably inevitable motion to dismiss under CPLR R. 3211(a) (4) on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." The motion was granted on October 8, 1964, the state judge specifically declining to avail himself of the Rule's permission that he "need not dismiss upon this ground but may make such order as justice requires," on the basis that application for relief from the preclusion order should be made in the court where the first action was pending. Although plaintiff filed a notice of appeal, he did not perfect this and defendant's motion to dismiss the appeal was granted.

Dismissal of the second New York action, says the plaintiff, renders the in-

stant federal suit timely under CPLR § 205(a). For, as he argues with impeccable literalness, the second action was "timely commenced" and was terminated in a manner other than any of the three expressly mentioned. Plaintiff hurdles the remaining difficulty, that although the federal summons was issued within six months of the termination of the second state action, it was not served within that period, see Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), by saying, with enviable assurance, that *Ragan* was overruled by Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed. 2d 8 (1965).

The passing of *Ragan* would bring no tears from us, see Hanna v. Plumer, supra, 380 U.S. at 476–477, 85 S.Ct. at 1146–1147 (concurring opinion of Mr. Justice Harlan); Hart, The Relations between State and Federal Law, 54 Colum. L.Rev. 489, 511 n. 72 (1954); and an able district judge in this circuit thinks *Hanna* in fact administered the happy dispatch, Sylvestri v. Warner & Swasey Co., 244 F.Supp. 524, 527–528 (S.D.N.Y. 1965) (Wyatt, J.); see also Callan v. Lillybelle, Ltd., 39 F.R.D. 600, 602 (S.D. N.Y.1966), but compare Sylvester v. Messler, 351 F.2d 472 (6 Cir. 1965). However, we are not here required to pass upon that issue since the appeal fails on other grounds.

■■ The obvious purpose of CPLR § 205(a) and its counterparts in many other states is to prevent the general statute of limitations from barring recovery because a court has ordered a timely action to be terminated for some technical defect that can be remedied in a new one. Such statutes have been said "to be an outgrowth of the ancient common law rule of 'journey's account' ", a period "allowed to permit a party, whose action had abated for matter of form, a reasonable time within which to journey to court to sue out a new writ." Baker v. Cohn, 266 App.Div. 236, 239, 41 N.Y.S.2d 765, 767 (1st Dept. 1943). Assuming that a federal court sitting in New York should apply CPLR § 205(a) in an appropriate case, see Marco v. Dulles, 177 F. Supp. 533, 537, 549–551 (S.D.N.Y.1959), and Annotation, 156 A.L.R. 1097, 1099–1102 (1945), citing many cases, cf. Baker v. Commercial Travelers Mutual Accident Ass'n, 3 A.D.2d 265, 161 N.Y.S.2d 332 (4th Dept. 1957), it should not apply the statute in an overly literal fashion that would frustrate New York's policy.

■ The New York courts have often quoted Judge Cardozo's statement as to the forerunner of CPLR § 205(a) that "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." Gaines v. City of New York, 215 N.Y. 533, 539, 109 N.E. 594, 596, L.R.A.1917C, 203 (1915). However, Judge Cardozo was addressing himself to a situation in which the first suit was dismissed because the particular court chosen lacked jurisdiction over the defendant, an impediment that could be, and was, removed in the second suit. In our case a timely action is still pending and the obstacle to its prosecution is not readily curable by any act the plaintiff could take in a third state action. While the precise issue whether § 205(a) could ever apply when a timely action is pending is unlikely to arise in the New York courts, since any subsequent action would generally be dismissable on that ground alone, one New York decision where the movant had not sought dismissal on the ground of prior action pending expressly said that "the non-termination of the first action precludes the institution of the second action under the saving clause," Farnitano v. Gaydos, 198 N.Y.S. 2d 795, 797 (Sup.Ct.Suffolk Co. 1960). Although appellant would distinguish the case on the basis that no action had been "terminated," the broader reading that the saving statute can never apply when a timely action is pending accords with the manifest purpose of the statute and

with what other New York courts have said. Russo v. City of New York, 258 N.Y. 344, 349, 179 N.E. 762 (1932); Holland v. Schwartz, 22 N.Y.S.2d 283 (Sup.Ct.Westchester Co.), aff'd 259 App. Div. 1083, 22 N.Y.S.2d 197 (2d Dept. 1940). Such a reading seems especially appropriate when it is realized that to decide otherwise would enable a suitor, after expiration of the general statute of limitations, to ask a third judge to overrule the refusal of the second to exercise the discretion given him by CPLR R. 3211(a) (4).

■ It may well be that if Graziano had brought his action in the District Court within the three-year period, he could have circumvented the preclusion order in the first state action, since a federal court will usually not dismiss or even stay an action *in personam* because of a prior action pending in a state court. The general rule, stated in Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922), is that "Each court is free to proceed in its own way and in its own time, without referece to the proceedings in the other court." But the fact, if it be one, that plaintiff's ability to invoke federal diversity jurisdiction might thus enable him to overcome his failure to comply with the procedural order of a New York court whereas a resident could not, does not mean that, having brought a second action in which New York declined to relieve him of the preclusion, he can then free himself from the much deeper policy embodied in New York's statute of limitations by utilizing the special relief provision of CPLR § 205(a) to accomplish in a federal court a result that New York never contemplated and its courts would not permit. Although " 'Outcome determination' analysis was never intended to serve as a talisman," Hanna v. Plumer, supra, 380 U.S. at 466–467, 85 S.Ct. at 1141, it is not to be discarded but rather is to be applied with "reference to the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." 380 U.S. at 468, 85 S.Ct. at 1142. The

years have trimmed some of the dicta in Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), but the *Hanna* decision made clear that the core of the *Guaranty* case remained unaffected. When, as here, we deal with the very issue *sub judice* in *Guaranty*, the statute of limitations, it remains true that when no recovery on a right created by state law could be had in a state court because the action is effectually time-barred, "the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result." 326 U.S. at 107–109, 65 S.Ct. at 1470.

Affirmed.