**Leah K. HENDRIKSEN, as Executrix of the Estate of W. Eloise Hendriksen, deceased, and Leah K. Hendriksen, individually, Plaintiff,**

**v.**

**The ROOSEVELT HOSPITAL, John R. Edsall, A. Salgar and "John" Garrett, Defendants.**

**No. 66 Civ. 102.**

United States District Court
S. D. New York.

Sept. 15, 1967.

Moser, Henkin & Alper, New York City, for plaintiff.

Martin, Clearwater & Bell, New York City, for defendant John R. Edsall.

Joseph L. Schilling, New York City, for defendants A. Salgar and "John" Garrett.

## OPINION

McLEAN, District Judge.

The second count in the complaint in this action, jurisdiction of which is based on diversity of citizenship, seeks recovery for the wrongful death of plaintiff's testatrix allegedly caused by the negligence of defendant hospital and of the individual defendants, who are physicians. The answer of defendant Edsall sets up an affirmative defense of the two-year statute of limitations applicable to wrongful death actions under Section 130 of the New York Decedent Estate Law, McKinney's Consol.Laws, c. 13.

Defendant Edsall moves for judgment on the pleadings. He supports his motion with an affidavit of his attorney. Under Rule 12(c) the court may treat this motion as one for summary judgment. The affidavit contains no facts. However, the relevant facts, which are undisputed, can be ascertained from documents already on file in this court. They are as follows.

According to the complaint, W. Eloise Hendriksen died on June 4, 1964. The two years thus expired on June 4, 1966. Plaintiff filed her complaint in this court on January 13, 1966, within the statutory period. The summons and complaint were not served upon defendant Edsall, however, until September 30, 1966, almost four months after the statute had run.

The documents in the file reveal the following: The clerk issued a summons on January 13, 1966. It bore the name of an attorney representing plaintiff. Attached to it are directions to the marshal for service. This presumably was issued by the attorney, although it is unsigned. It directs the marshal to serve the summons on Roosevelt Hospital. The marshal did so on January 14, 1966. The directions for service do not refer to defendant Edsall.

Apparently thereafter plaintiff ceased to be represented by an attorney and decided to handle the action herself. On August 9, 1966, the clerk issued an "additional summons" which referred to Leah K. Hendriksen as attorney pro se. On August 11, 1966 plaintiff, describing herself as "attorney for plaintiff pro se," wrote to the clerk enclosing copies of the summons and complaint "to be served on defendant John R. Edsall, whose address is 439 East 87th Street, New York, N. Y." This is the first request, as far as appears from the file, for service of any process upon defendant Edsall.

The marshal's return attached to this additional summons states that after diligent search on August 17, 22 and 23, he was unable to find defendant. The return says, "No one at premises which is a private home not seen recently by neighbors."

Apparently nothing further was done until late September 1966. On September 23, 1966 the clerk issued another "additional summons" which also described the attorney for the plaintiff as "Leah K. Hendriksen attorney pro se." At about this time plaintiff, as attorney pro se, sent a memorandum to the marshal requesting him to serve the summons and complaint on defendant Edsall at 16 East 90th Street, New York. The marshal's return states that he received the summons and complaint on September 27, 1966 and that he served it on defendant Edsall at 16 East 90th Street, New York, N. Y. on September 30, 1966.

I turn now to the legal problem. Rule 3 of the Fed.R.Civ.P. provides:

"A civil action is commenced by filing a complaint with the court."

Section 203(b) of the New York CPLR provides:

"A claim asserted in the complaint is interposed against the defendant * * * when:

1. the summons is served upon the defendant; or

* * *

4. the summons is delivered for service upon the defendant to the sher-

iff in a county in which the defendant resides, * * * if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision * * *."

If the federal rule applies, the action was begun on time, the statute of limitations is not a valid defense, and this motion must be denied. If the New York rule applies, the converse is true. Under New York law the action was not begun until the service was made on September 30, 1966, after the statute had run. Subdivision 4 of Section 203(b) quoted above does not assist plaintiff under New York law for two reasons: (1) apparently the summons was not delivered to the marshal for service upon this defendant until August 12, 1966, by which time the statute had already run; (2) in any event, service was not made until more than sixty days after June 4, 1966, the date on which the period of limitation otherwise expired.

■ The problem is to decide whether the federal or the state rule governs in this diversity case in which plaintiff is asserting a state rather than a federal claim. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) is squarely in point. It is indistinguishable from the present case. The Supreme Court there held that the state rule governs. It relied on Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and Guaranty Trust Company of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

Subsequently in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court held that in a diversity action on a state claim, Fed. R.Civ.P. 4(d) (1), which pertains to the mode of service of a summons, governs, rather than a state statute which prescribes a different manner of service. Since that decision, controversy has arisen as to whether *Hanna* overruled *Ragan.* The Court did not say so in *Hanna,* although Mr. Justice Harlan in

a separate concurring opinion said that he believed that *Ragan* was wrong.

In Sylvestri v. Warner & Swasey Co., 244 F.Supp. 524 (S.D.N.Y.1965), Judge Wyatt concluded that in view of *Hanna,* the Supreme Court "would no longer follow *Ragan.*" 244 F.Supp. at 527. He therefore declined to follow it. Judge Wyatt's opinion was cited by Judge Bonsal in Callan v. Lillybelle Ltd., 39 F.R.D. 600 (S.D.N.Y.1966) in which he also held that Fed.R.Civ.P. 3 governs.

On the contrary, the Court of Appeals for the Sixth Circuit has held in Sylvester v. Messler, 351 F.2d 472 (6th Cir. 1965) that *Hanna* did not overrule *Ragan* and that *Ragan* must be followed.

The Court of Appeals for this circuit has not spoken. It raised a doubt in Graziano v. Pennell, 371 F.2d 761 (2d Cir. 1967) by commenting that plaintiff's contention that *Hanna* overruled *Ragan* was made "with enviable assurance." 371 F.2d at 763. However, the court found it unnecessary to decide the question. Nevertheless, it did discuss Guaranty Trust Company of New York v. York, supra, the case upon which *Ragan* particularly relied, and concluded that the "core" of that decision was unaffected by *Hanna.* The Court of Appeals said (371 F.2d at 764):

"When, as here, we deal with the very issue *sub judice* in *Guaranty,* the statute of limitations, it remains true that when no recovery on a right created by state law could be had in a state court because the action is effectually time-barred, 'the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result.' 326 U.S. at 107–109, 65 S.Ct. at 1470."

■ I find myself unable to agree with Judge Wyatt and Judge Bonsal on this question. When a decision of the Supreme Court on a point of law is on all fours with a case in the district court, it is the duty of the district judge to follow that decision, whether he agrees with it or not, unless it is clear that the Supreme Court has overruled it. Judge Wyatt recognized this, but he thought that the overruling was clear. I do not think so. In disagreeing, I have the benefit of the Court of Appeals' remarks in *Graziano* which neither Judge Wyatt nor Judge Bonsal had, since their decisions were made before *Graziano* came down.

To my mind it is not clear enough that *Hanna* overruled *Ragan* to justify me in refusing to follow *Ragan.* In *Hanna* the Court was concerned with a rule which it described as a rule of "housekeeping" (380 U.S. at 473, 85 S.Ct. 1136). Here, as in *Ragan* and in Guaranty Trust Company of New York v. York, we are dealing with a state statute of limitations on a state claim. Surely, this is more than mere housekeeping. As I read *Graziano,* the Court of Appeals said that it is.

■ While it may not be strictly relevant to the legal question, it is nevertheless worth noting that, for whatever reason, plaintiff made no effective attempt to cause service to be made on defendant Edsall until after the statute had run. The marshal was in no way to blame. He was not asked to make that service until it was too late. This sort of fumbling would clearly bar plaintiff from maintaining her action in the state court. I see no reason in justice and fairness for holding that despite it, she may still maintain an action on her purely state claim in a federal court.

Accordingly, defendant Edsall's motion for summary judgment is granted. The second count in the complaint is dismissed as against him.

■ At the argument the attorney for defendants Salgar and Garrett submitted an affidavit in which he asked that this action be dismissed as against those defendants. Not only did these defendants fail to take the trouble to make a formal motion for such relief, but more important, examination of their answers shows that they have not pleaded the statute of limitations as a defense. Obviously, they are in no position to obtain a dismissal on that ground. Their request is denied.

So ordered.