DOROTHY FUREY et al., Appellants, *v.* HARRY MILGROM, Respondent.

Second Department, March 25, 1974.

*Mulholland, Minion & Roe (John F. Mulholland* of counsel), for appellants.

*Marshall D. Sweetbaum* for respondent.

HOPKINS, Acting P. J.   The Special Term granted summary judgment in favor of the defendant on the ground that this action to recover damages for personal injuries as the result of claimed negligence of the defendant was not timely brought (CPLR 214).   The question is whether the action survived the Statute of Limitations where the plaintiffs affixed a copy of the summons and complaint on the door of the defendant's residence on the last day within the Statute of Limitations, but mailed the summons and complaint to the defendant the next day and beyond the statute (CPLR 308, subd. 4).   We affirm the order of the Special Term.

The complaint alleges that the plaintiff wife, while riding her bicycle on a street in Flushing, New York, on May 25, 1968,

was injured through the careless operation by the defendant of his automobile; it seeks damage for her injuries by a cause of action on her behalf and damages for the loss of her services and for medical expenses by a cause of action on behalf of the plaintiff husband. The three-year period of the Statute of Limitations would therefore have expired on May 25, 1971 (CPLR 214). An action, to be timely, would accordingly have had to be instituted on or before that date by service of the summons (CPLR 203, subd. [b], par. 1).

The affidavit of the process server states that he attempted to serve the defendant on May 19, 20, 21, 22 and 25, 1971, but was unable to do so with due diligence. The affidavit further avers that on May 25, 1971 he affixed the summons and complaint to the door of the defendant's residence, and on May 26, 1971 he mailed another copy of the summons and complaint to the defendant addressed to the same residence. On these facts the Special Term held that the action was not brought within the three-year period of the Statute of Limitations, since the act of mailing occurred one day without the period.

Subdivision (a) of CPLR 203 provides that the measurement of the statutory period within which an action must be commenced is computed from the time of the accrual of the cause of action to the time the claim is interposed; and paragraph 1 of subdivision (b) of CPLR 203 provides that a claim in a complaint is asserted when the summons is served upon the defendant. As service of process was made pursuant to subdivision 4 of CPLR 308, we must read its provisions to determine at what time service was complete, i.e., on May 25, 1971 or on May 26, 1971. In interpreting the statute, our concern is required to be given toward a strict but fair construction of its terms (cf. *Korn* v. *Lipman,* 201 N. Y. 404; *Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57, 60; *Howland* v. *Giorgetti,* 12 A D 2d 953).

Subdivision 4 of CPLR 308 directs that "where service * * * cannot be made with due diligence" personally on the defendant it may be made "by affixing the summons to the door of * * * dwelling place * * * within the state of the person to be served and by mailing the summons to such person at his last known residence". It is clear to us, as it was to the Special Term, that service by this method consists of two separate acts — one of affixing and the other of mailing — and that service cannot be considered complete until both acts are done.

All limitations of time are by definition arbitrary to a lesser or greater degree, hinging on the circumstances; and it follows

that decisions interpreting the effect of the limitations may be in consequence arbitrary in the light of the circumstances. Whatever the effect of the limitations, the legislative judgment must be controlling and the rule to be applied must be subject to no areas of doubt (cf. *Arnold* v. *Mayal Realty Co.*, 299 N. Y. 57, 61, *supra*). Here, the plaintiffs partly complied with the statute within the period of limitations and failed by one day of complete compliance. The result of the dismissal of the action may appear harsh, but a contrary result might produce even greater evils. If we were to hold that the act of affixation of process within the statutory time sufficed to make service complete, we would render the further act of mailing unimportant and destroy the legislative intent of treating both acts of equal standing in prescribing a mode of service. Moreover, we would leave in high uncertainty whether the act of mailing would be effective, even if accomplished more than one day after the Statute of Limitations had run.

Cases interpreting the provisions of section 253 of the Vehicle and Traffic Law are not in point (e.g., *Sadek* v. *Stewart,* 38 A D 2d 655; *Glines* v. *Muszynski,* 15 A D 2d 435). That statute was calculated to reach the nonresident motorist by designating the Secretary of State as his agent for the service of process as a condition of the use of the highways within the State. Hence, personal service on the agent of the nonresident motorist tolls the Statute of Limitations just as service on the nonresident within the State would interrupt the statute. Even so, the legislative prescription must be closely followed (cf. *Lederman* v. *McLean Trucking Co.*, 41 A D 2d 5).

As was said by Judge (now Chief Judge) BREITEL in a different setting, but relevant to the issue before us: "To sustain such service would encourage carelessness, or worse, thus increasing the risk of default by parties who in fact fail to receive the summons" (*McDonald* v. *Ames Supply Co.*, 22 N Y 2d 111, 116). Though the plaintiffs failed by only one day to comply with subdivision 4 of CPLR 308, read with CPLR 214 and subdivision (a) of CPLR 203, the lapse of one day has the same significance as 10 or 20 or 60 days beyond the statute, for otherwise " carelessness, or worse " would be encouraged.

The order should accordingly be affirmed, with $20 costs and disbursements.

LATHAM, CHRIST, BRENNAN and BENJAMIN, JJ., concur.

Order of the Supreme Court, Queens County, dated April 5, 1973, affirmed, with $20 costs and disbursements.