Deborah Richardson EVANS, Individually and as personal representative of the Estate of T. J. Evans, deceased, and as Natural Tutrix of the Estate of the Minor Child Thomas David Evans, Plaintiff,

v.

HAWKER–SIDDELEY AVIATION, LTD.; Rolls-Royce, Ltd.; the Marston-Green Division of Lucas Aerospace, Ltd.; Normalair-Garrett, Ltd.; Fairey-Britain Norman, Ltd.; Page Engineering Co., Ltd.; Smith's Industries Ltd.; Ferranti, Ltd.; Elliott Electronic Systems, Ltd.; Clare Elliott Limited; and Stencel Aero Engineering Corp., Defendants.

No. 79 Civ. 1855 (KTD).

United States District Court,
S. D. New York.

Dec. 13, 1979.

Due, Dodson & deGravelles, Baton Rouge, La., for plaintiff; Chester John Caskey, Baton Rouge, La., Harvey F. Gerber, Jr., New York City, of counsel.

Condon & Forsyth, New York City, for defendant Fairey-Britton Norman, Ltd.; George N. Tompkins, Jr., Thomas J. Whalen, Stephen R. Stegich III, Joseph G. DeRespino, New York City, of counsel.

Mendes & Mount, New York City, for defendant British Aerospace, Ltd.; James J. Finnerty, Jr., New York City, of counsel.

Townley & Updike, New York City, for defendant Ferranti, Limited; John C. Sabetta, New York City, of counsel.

Kirtland & Packard, Los Angeles, Cal., for defendant Clare Elliott Limited; John M. Downing, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

On April 6, 1977, First Lieutenant T. J. Evans, United States Marine Corps, was killed when the AV–8A "Harrier" aircraft he was piloting crashed in Beaufort, South Carolina. The crash was attributed to mechanical difficulties which apparently caused him to lose control of the plane. Plaintiff is decedent's widow, Deborah Richardson Evans who individually, as personal representative of the estate of decedent T. J. Evans, and as natural tutrix of the estate of their minor child, Thomas David Evans, has brought this wrongful death action against the eleven named defendants. Plaintiff and her son are domiciled in and are residents of the State of Florida.[1]

Alleging her own as well as her son's dependence on the decedent for support, companionship and sustenance, plaintiff demands $3,805,000 in compensatory and $1,000,000 in punitive damages plus interests and costs. Jurisdiction in this case is based on diversity of citizenship.

All of the defendants are foreign corporations alleged by the complaint to be doing substantial and regular business within New York State and amenable to service of process there through various agents. With the exception of Stencel Aero Engineering Corporation, which is incorporated in North Carolina, all other defendants are incorporated pursuant to the laws of Great Britain.

Hawker-Siddeley Aviation, Ltd. [hereinafter referred to as "Hawker-Siddeley"] is alleged to have been engaged in the manufacture and marketing of the AV–8A "Harrier" aircraft. All other defendants are engaged in the manufacture and marketing of various component parts of that aircraft.

Plaintiff avers that all defendants were negligent in designing, manufacturing, and

---

1. Plaintiff has also commenced an action against these defendants in Florida where the wrongful death statute of limitations is two years as it is in New York. N.Y.Est., Powers & Trusts Law § 5–4.1 (McKinney). Fla.Stat.Ann. § 95.11(4)d.

assembling their respective products and that each breached its warranty that its product was free from defects and reasonably suited for the purposes, both express and implied, for which it was intended. Further, plaintiff alleges that all defendants are strictly liable for placing defective and unreasonably dangerous products in the stream of commerce. Under all three theories, plaintiff claims that these defective products were the proximate cause of decedent's death for which each defendant is jointly and severally liable.

Four of the eleven defendants—Hawker-Siddeley, Fairey-Britton Norman, Ltd. [sued incorrectly as Fairey-Britain Norman, Ltd. and hereinafter referred to as "FBN"], Ferranti, Ltd. and Clare Elliott Limited— have moved for an order dismissing the complaint. Hawker-Siddeley's grounds for this motion are (a) failure to state a cause of action by failing to allege in the complaint any common law theory or statutory provision upon which this wrongful death claim is based, (b) expiration of the applicable statute of limitations and (c) lack of personal jurisdiction over Hawker-Siddeley. This defendant further argues that the punitive damages claim and the separate causes of action for damages by individual heirs are improper under New York State law and should be stricken.

Defendants FBN and Ferranti have moved pursuant to Fed.R.Civ.P. 12 to dismiss the complaint on the ground that the action is barred by the applicable statute of limitations or, in the alternative, on grounds that this Court lacks personal jurisdiction over them and service of process was insufficient. Jurisdiction is questioned on the grounds that the foreign corporations are not doing business in New York State and that service on an alleged affiliate is without effect.

Plaintiff requests an opportunity to pursue discovery regarding jurisdiction and service of process before I decide the motion based upon those grounds. Since I find that, in any event, the instant lawsuit is barred by the applicable statute of limitations, I need not reach plaintiff's arguments with respect to discovery on the jurisdiction and service issues.

Defendant Clare Elliott has moved for an order granting summary judgment on the ground that the action is barred by the applicable statute of limitations.

■ It is well settled law that federal courts in diversity cases will apply state statutes of limitation despite the fact that such statutes are technically "procedural" as opposed to "substantive." *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). A federal court cannot "take cognizance of the suit because there is diversity of citizenship between the parties" if the action would be barred by the state statute of limitations. *Id.* at 107, 65 S.Ct. 1464. Thus, in this diversity suit, I am compelled to apply the law of the forum state, New York, on conflicts and statute of limitations questions.

■ In the instant case, plaintiff is a Florida resident and the cause of action accrued in South Carolina. Assuming for the moment that jurisdiction is proper, I am required, under the circumstances, to apply the New York "borrowing statute", N.Y. Civ.Prac.Law § 202 (McKinney 1972)[2] to determine the applicable statute of limitations. According to that statute, "New York courts will apply either the statute of the state where the cause of action accrued or the New York statute, whichever is shorter." 1 *Weinstein-Korn-Miller*, New York Civil Practice ¶ 202.01 at 2–41 (1977). If plaintiff's claim has expired under either statute, the claim is barred.

2. Section 202 provides as follows:
An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

New York Est., Powers & Trusts Law § 5–4.1 (McKinney 1972) provides that an action to recover damages for wrongful death must be commenced within two years after decedent's date of death. Failure of a personal representative to commence an action for wrongful death within two years of the date of decedent's death bars the action. *Goldberg v. Camp Mikan-Recro*, 42 N.Y.2d 1029, 398 N.Y.S.2d 1008, 369 N.E.2d 8 (1977).

South Carolina, the state in which the cause of action accrued, provides for a six year statute of limitations in wrongful death actions. S.C.Code § 15–3–530. Although the South Carolina statute is longer, New York law requires a dismissal of the action brought in New York for the untimely filing under the shorter New York statute of limitations. N.Y.Civ.Prac.Law § 202. *Martin v. Julius Dierck Equipment Co.*, 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978).

It is undisputed that the death of the decedent occurred on April 6, 1977, and that the complaint was filed on April 9, 1979. Plaintiff argues, based on Fed.R.Civ.P. 6(a) and N.Y.Gen.Constr.Law § 20 (McKinney 1972)[3] that the two year period ran on Saturday, April 7, 1979. Since under the rules cited above, Saturdays are excluded from the limitations period and because Sundays are similarly excluded, plaintiff argues that filing on Monday was timely. Defendants, on the other hand, contend that the last day of the period fell on Friday, April 6, 1979, a non-excludable day, and consequently, the instant action is time barred.

Very simply then, the issue is the exact date on which the two year statutory period terminated. The result I am required to reach on this issue is certainly a difficult one for the plaintiff. Nevertheless, I must find that the plaintiff's action is time barred.

■ Under § 20 of the General Construction Law, the date of the event in question is excluded from computation of the limitations period. When the applicable limitations period is measured in years, as it is here, this rule results in the anniversary date as the last day for instituting an action. *See Furey v. Milgrim*, 44 A.D.2d 91, 353 N.Y.S.2d 508 (2d Dep't. 1974); Siegel, N.Y. Practice § 34 (1978).

■ Applying the above computation rules, it is clear that plaintiff was required to file her action on or before Friday, April 6, 1979, the anniversary date of the accident. To compute as plaintiff requests would add an additional day to this two year period. This I cannot do. Under § 201 of the Civil Practice Law and Rules, the time within which an action may be commenced cannot be extended. The statute of limitations is "not subject to discretionary judicial extension no matter how good the reasons for delay may be." Siegel, N.Y. Practice § 34 (1978). *See also Jennings v. British Airways*, No. 78–5587 (S.D. N.Y. Feb. 27, 1979).

In accordance with the foregoing, the complaint is dismissed as to the four defendants who have so pleaded.[4]

SO ORDERED.

---

**3.** This section provides the following rules for computation of the statute of limitations period:

A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. If such period is a period of two days, Saturday, Sunday or a public holiday must be excluded from the reckoning if it is in an intervening day between the day from which the reckoning is made and the last day of the period. In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning.
N.Y.Gen.Constr.Law § 20 (McKinney Supp. 1979).

**4.** These defendants are: British Aerospace, Ltd., formerly Hawker-Siddeley Aviation, Ltd.; Fairey Britton, Ltd.; Ferranti, Ltd.; Clare Elliott, Ltd. The remaining defendants are not entitled to dismissal as they did not make the requisite motion. *See Hendriksen v. Roosevelt Hospital*, 276 F.Supp. 731 (S.D.N.Y.1967).