**WALTZ v. CHESAPEAKE & O. RY. CO.**

No. 46C573.

District Court, N. D. Illinois, E. D.

June 6, 1946.

Edward B. Henslee, of Chicago, Ill., and Joseph B. McGlynn, of East St. Louis, Ill. (Melvin L. Griffith, of Chicago, Ill., of counsel), for plaintiff.

Erwin W. Roemer, of Chicago, Ill., for defendant.

LA BUY, District Judge.

This complaint is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover for the death of one of defendant's employees. The alleged accident and death occurred near Muncie, Indiana. Plaintiff, widow of the decedent, was appointed administratrix of the decedent's estate by the Circuit Court of Miami County, Indiana.

The motion before the court is to strike from defendant's answer paragraphs 5 and 9 asserting two defenses, namely, the incapacity of plaintiff to bring suit in this court, and the lack of jurisdiction of this court.

■ The first point is based on the interpretation of Federal Rule 17(b), 28 U.S. C.A. following section 723c, and Section 419 of the Illinois Probate Act, Smith-Hurd Stats. c. 3. The capacity of litigants to sue in the federal courts is covered by Rule 17(b) of the Rules of Civil Procedure and provides as follows:

"(b) * * * The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

Thus, the plaintiff's right to sue in a "representative capacity" is to be determined by the law of the state in which the district court is held, which in this case is Illinois.

■ Under Illinois law a foreign administrator may sue in this state. Wabash, St. Louis & Pac. Ry. Co. v. Shacklet, 1883, 105 Ill. 364, 44 Am.Rep. 791. Paragraph 419 of Chapter 3 of the Illinois Probate Act states:

"When no letters are issued in this state upon the estate of a non-resident decedent or ward an executor, administrator, guardian, or conservator to whom letters are issued on the estate by a court of competent jurisdiction of any state or territory of the United States may sue in this state in any case in which a resident executor, administrator, guardian, or conservator may sue."

By virtue of this section the right to sue of a foreign administrator is limited in Illinois to cases in which a resident administrator may sue.

■ Section 2 of the Illinois Injuries Act, Smith-Hurd Ill.Ann.Stats. Ch. 70, provides:

"Provided, further, that no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State where a right of action for such death exists under the laws of the place where such death occurred and service of process in such suit may be had upon the defendant in such place."

This section does not permit suing in Illinois for death caused by wrongful act in another state, though the action is brought

on the statute of such state except on the principle of comity and where to enforce such statute would not be contrary to the law, morals, or public policy of the forum. Dougherty v. American McKenna Process Co., 1912, 255 Ill. 369, 99 N.E. 619, L.R.A. 1915F, 955, Ann.Cas.1913D, 568.

The limitation of Section 2 of the Illinois Injuries Act, when linked to Section 419 of the Illinois Probate Act, results in the conclusion that a foreign administrator may not sue in Illinois courts for death occurring outside of the state of Illinois. But Section 2 of the Injuries Act is not directed to the capacity of the parties to sue. Its purpose is to limit the jurisdiction of the Illinois courts. If the proviso of Section 2 limiting jurisdiction was non-existent, an administrator could sue in Illinois and Illinois courts would have jurisdiction over this class of cases.

Under Rule 17(b) it is the duty of this court to determine capacity to sue under Illinois law. Since a foreign administrator has the capacity to sue in Illinois, he also has the capacity to sue in the federal courts.

The second point raised by defendant is that this court lacks jurisdiction of the subject matter. This contention is based on Section 2 of the Illinois Injuries Act and the interpretation of Section 56 of the Federal Employers' Liability Act, 45 U.S.C.A. Section 56 of the latter act provides in part:

" * * * The jurisdiction of the courts of the United States under this chapter *shall be concurrent* with that of the courts of the several States * * *."

Defendant contends that, by the terms of this section, the federal courts have only the same jurisdiction as the state courts; and that this court, sitting in Illinois, does not have jurisdiction of a death action brought under the act when the injury and death occurred outside Illinois, since under Section 2 of the Illinois Injuries Act its courts do not have jurisdiction over such an action. The court believes this theory to be untenable. Jurisdiction is given to the federal courts to hear actions under the Federal Employers' Liability Act, but the right to pursue such action in the state courts is also available to litigants. The phrase "concurrent jurisdiction" can not be construed to limit the jurisdiction of the federal courts to cases where the state can also, under its local laws, take jurisdiction. If this were the interpretation then the enforcement of the federal law would be controlled by the state law and such a construction would restrict the purpose of the act.

The construction of the term "concurrent jurisdiction" has been interpreted so far as state court jurisdiction is concerned under this act to entertain suits thereunder if "its local laws are appropriate to the occasion." As was stated in Second Employers' Liability Case (Mondou v. New York, N. H. & H. R. Co.), 1911, 223 U.S. 1, 56, 57, 32 S.Ct. 169, 178, 56 L.Ed. 327, 38 L.R.A.,N.S., 44:

" * * * there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts, or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction, as prescribed by local laws, is appropriate to the occasion, and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress, and susceptible of adjudication according to the prevailing rules of procedure."

And again in Walton v. Pryor, 1917, 276 Ill. 563, 115 N.E. 2, 4, L.R.A.1918E, 914:

" * * * subject to the restrictions of the federal Constitution, a state may determine the limit of the jurisdiction of its courts and the character of the controversies which shall be heard in them, and that the policy of the state determines whether, and to what extent, it will entertain in its courts transitory actions where the causes of action have arisen in other jurisdictions."

Section 2 of the Illinois Injuries Act is a limitation of jurisdiction placed by the state legislature upon its own courts. Under the rule of Stephenson v. Grand Trunk Western R. Co., 7 Cir., 110 F.2d 401, and other cases, the principle has been enunciated that the State legislature cannot limit the jurisdiction of the federal courts. Therefore, Section 2 of the Injuries Act

limiting the jurisdiction of Illinois courts is not applicable to federal courts. In the same manner the phrase "concurrent jurisdiction" cannot be construed to limit federal jurisdiction to only those cases wherein the state court may entertain jurisdiction since that would be the same as giving effect to Section 2 of the Illinois law.

Capacity to sue and jurisdiction being present, plaintiff's motion to strike paragraphs 5 and 9 of the defendant's answer are allowed. An order not inconsistent with the above ruling may be presented for entry.