LAURA IRONS, as Administratrix of the Estate of ROY W. YANDOW, Deceased, Respondent, v. MICHIGAN-ATLANTIC CORP., Appellant.

Fourth Department, November 8, 1951.

*James P. Heffernan* for appellant.

*Louis N. Roche* and *Samuel J. Stagnitto* for respondent.

Piper, J. The action was for wrongful death of plaintiff's intestate under section 688 of title 46 of the U. S. Code, commonly called the Jones Act. The Federal Act provides that such an action must be " commenced within three years from the day the cause of action accrued." (U. S. Code, tit. 45, § 56.) It is conceded that plaintiff's intestate met his death by drowning September 29, 1946; that the summons in the action was delivered to the Sheriff of New York County on September 27, 1949, and that personal service was made on an officer of defendant in that county on October 19, 1949. Respondent contends that, pursuant to section 17 of the Civil Practice Act, the conceded facts show conclusively that the action was commenced within three years from the date of intestate's death. Appellant urges that the summons not having been served until after the

expiration of three years, and the limitation of time prescribed in the Federal statute having expired, section 17 of the Civil Practice Act is not applicable and the cause of action is barred. He further argues that this section is applicable only to the commencement of an action, the limitation of time of which is governed by the Civil Practice Act.

In the Federal district courts a civil action is commenced by filing a complaint with the clerk of court. (Fed. Rules of Civ. Pro., rule 3.) Subdivision (a) of rule 4 provides for prompt issuance of a summons and delivery thereof and of the complaint by the clerk to a marshal. The filing of the complaint operates to commence an action and to interrupt the running of the Statute of Limitations, even though process is not served upon the defendant until after the expiration of the statutory period. (*Isaacks* v. *Jeffers,* 144 F. 2d 26.) Prior to the adoption of these rules an action in a Federal court of equity was deemed to have been commenced so as to toll the Statute of Limitations by the filing of a complaint with a bona fide intent to prosecute the suit diligently, provided there was no unreasonable delay in the issuance or the service of the summons. (*Reynolds* v. *Needle,* 132 F. 2d 161, 162; *Gallagher* v. *Carroll,* 27 F. Supp. 568.)

Section 17 of the New York Civil Practice Act is somewhat of a counterpart of rules 3 and subdivision (a) of rule 4 of the Federal Rules of Civil Procedure. This section provides for commencement of an action by delivery of the summons to the Sheriff prior to the expiration of the statutory period and service by the Sheriff upon the defendant within sixty days after the expiration of the statutory period.

Of course, the uniform operation of the Maritime Law within all the States may not be deflected or impaired by State statutes and any State statute inconsistent with the essential purpose and uniform operation of the Federal statute cannot stand. (*Frame* v. *City of New York,* 34 F. Supp. 194.)

It is also true that where a limitation is provided by Federal statute, State Statutes of Limitation have no application (*Port* v. *Litolff,* 103 F. 2d 302; *Engel* v. *Davenport,* 271 U. S. 33).

We do not agree with appellant's contention that to hold that section 17 is applicable to an action under the " Jones Act " would operate to extend the three-year limitation contained in the Federal statute. Section 17 is a legislative declaration as to the time when an action is commenced. By this statute the action is commenced at the time the summons is delivered to the Sheriff with instructions to serve the defendant, provided

the Sheriff makes service not later than sixty days after the expiration of the statutory period. When an action is brought in the State court, the laws of the State are controlling in interpreting the provisions of a Federal Statute of Limitations as to what constitutes the commencement of the action. (*Goldenberg* v. *Murphy,* 108 U. S. 162; see, also, *Herb* v. *Pitcairn,* 325 U. S. 77.)

The provisions of the Federal Employers' Liability Act concerning concurrent jurisdiction of the Federal and State courts (U. S. Code, tit. 45, § 56) do not control or affect the State courts in their mode of procedure (*Waltz* v. *Chesapeake & O. Ry. Co.,* 65 F. Supp. 913, 915), and where the Federal statutes are silent on the subject, what constitutes the commencement of an action in a State court is controlled by State law (*Goldenberg* v. *Murphy, supra*). But where the Federal statute specifically provides for a mode of commencing an action, that provision is supreme (*Sauerzopf* v. *North Amer. Cement Corp.,* 301 N. Y. 158).

We think that appellant's claim that section 17 is limited in application to limitations of time contained in the Civil Practice Act is not sustained by the more recent decisions of our courts. In *Kerr* v. *St. Luke's Hosp.* (176 Misc. 610) the question presented was whether or not a wrongful death action brought pursuant to section 130 of the Decedent Estate Law in which the summons had been delivered to the Sheriff within two years from the date of decedent's death but not served until after the two-year period described by that statute had expired, was commenced within the time limited by law. Relying on *Hamilton* v. *Royal Ins. Co.* (156 N. Y. 327) and *Matter of Selwyn Realty Corp.* (184 App. Div. 355, affd. 224 N. Y. 559) the court held that the action had been commenced as of the date of delivery of the summons to the Sheriff. The order was affirmed, without opinion by the First Department (262 App. Div. 822) and leave to appeal to the Court of Appeals granted; the Court of Appeals affirmed without opinion and answered the question certified in the affirmative. (287 N. Y. 673.)

We hold that the action was commenced at the time the summons was delivered to the Sheriff which was concededly within the statutory period in which the action could be commenced. The order should therefore be affirmed, with $10 costs and disbursements.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Order affirmed, with $10 costs and disbursements.