Jacob J. S oh wartz wald, J.
Defendants move pursuant to rule 106 and rule 112 of the Rules of Civil Practice to dismiss two of the causes of action contained in the complaint. Plaintiffs move to strike two affirmative defenses from the answer, or, in the alternative, to allow plaintiffs to amend the complaint.
The actions involve an accident which occurred in the State of Illinois in July, 1955. The first action sought to be dismissed is by an administratrix for personal injuries sustained by her intestate. The second cause sought to be dismissed is for wrongful death under section 1 of chapter 70 of the Illinois Statutes (L. 1853, p. 97, § 1). The affirmative defenses sought to be stricken are (1) that under the laws of the State of Illinois, an action for personal injuries abates with the death of the injured; (2) that under the laws of the State of Illinois the maximum amount recoverable in an action for wrongful death is $25,000 and accordingly this court has no jurisdiction of the action, since the amount sought to be recovered is $250,000.
Plaintiff asserts that in view of the exception contained in section 2 of the Wrongful Death Statutes of the State of Illinois, (70 Smith-Hurd 111. Stats., § 2) the law of New York governs in this action and accordingly no limitations imposed by the Statutes of the State of Illinois are applicable.
Section 2 provides: ‘1 that no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State where a right of action for such death exists under the laws of the place where such death occurred and service *726 of process in such suit may be had upon the defendant in such place. ’ ’
Plaintiff’s intestate, although injured in Illinois, died in the State of New York. The defendant, a New York corporation, has been served in New York. And under New York law a right of action for such death exists (Loucks v. Standard Oil Co., 224 N. Y. 99). Assuming arguendo that under such circumstances plaintiff would not be able to bring the causes of action in the State of Illinois, the substantive law of Illinois would still be applicable. The purpose of the exception under section 2 of chapter 70 is to limit the jurisdiction of Illinois courts (Waltz v. Chesapeake & Ohio Ry. Co., 65 F. Supp. 913) but it does not take away the obligations arising under the statute. It merely compels, where the conditions imposed are appropriate, the utilization of a forum other than Illinois to secure the property right granted by it. Such right follows the person and may be enforced where-ever the person may be found. (Cuba R. R. Co. v. Crosby, 222 U. S. 473, 478.) But the “ cause of action for wrongful death and the extent of the damages recoverable is governed by the laws of the place where the injuries causing death were inflicted ”. (Royal Ind. Co. v. Atcheson, Topeka & Santa Fe Ry. Co., 272 App. Div. 246, 250, affd. 297 N. Y. 619.)
Accordingly, the contention of the plaintiff is untenable. It being conceded that under the laws of the State of Illinois an action for personal injury abates with the death of the injured, plaintiff’s motion to strike the first affirmative defense is denied. The second affirmative defense, however, should be stricken on a ground other than that asserted by the plaintiff. Fundamentally, the second affirmative defense is that the court has no jurisdiction of the action. The asserted lack of jurisdiction is based on the complaint’s demand for $250,000 damages while section 2 of chapter 70 of the Illinois Statutes limits the recovery to $25,000. A foreign statute cannot limit the jurisdiction of our courts, but, as indicated in Royal Ind. Co. v. Atcheson, Topeka & Santa Fe Ry. Co. (272 App. Div. 246, supra) will set a limit of recovery beyond which our courts will not enforce. The second affirmative defense is thus stricken, with leave to the defendant within 20 days after service of the order to be entered hereon to serve an amended answer in which the limitation imposed by section 2 of chapter 70 may be set forth for the purpose of limiting the amount of damages recoverable.
Defendants’ motion under rule 112 is granted with respect to the action for personal injuries sustained by the plaintiff’s intestate since the action abated pursuant to Illinois law upon *727 the death of the injured person. The motion with respect to the death action is denied. Sufficient facts are alleged to constitute a cause of action. The fact that damages sought to be recovered are in excess of the amount authorized by statute does not invalidate the entire action.
Settle order on notice.