Daniel J. O’Mara, J.
The above-named defendant moves to dismiss the plaintiff’s complaint upon the ground that the action set forth in plaintiff’s complaint is barred by virtue of the three-year Statute of Limitations, the said action being founded in negligence.
There is no dispute as to the facts. The action was brought about as a result of an automobile accident on July 22, 1961 in the County of Ontario, New York. The plaintiff under date of July 20, 1964 delivered copies of the summons and complaint to the Sheriff of Brevard County in the State of Florida after the plaintiff concluded that the defendant was a resident of the said county. The Sheriff of Brevard County was unable to effect service of the summons and complaint upon the defendant, and apparently for the reason that the defendant was away on vacation in the State of New York. The summons and complaint was served upon the defendant in the State of New York on July 27, 1964 by a Deputy Sheriff of Ontario County, New York, a few days subsequent to the expiration of the three-year period of limitation.
The only question for determination is whether the delivery of the summons and complaint to the Sheriff in the State of Florida made applicable the provisions of paragraph 4 of subdivision (b) of CPLB. 203. CPLB 203 provides that the summons must be delivered to the Sheriff of the county in which the defendant “ resides or last resided”. The words “last resided” as used in the statute apply where the defendant is without the State (Klein v. Riten, 185 Misc. 835), and refer to the place where he last resided within the State (Guilford v. Brody, 237 App. Div. 726).
The case law seems to indicate that the applicable provisions of 203 were never intended to be made applicable to Sheriffs outside of the State of New York. The decided cases pursuant to section 17 of the Civil Practice Act, and which contained essentially the same language as is now incorporated in the applicable provisions of 203, make reference to counties within the State of New York.. It must be held, therefore, that the delivery of the summons and complaint to the Sheriff in the State of Florida was ineffectual for the purpose of preventing the running of the Statute of Limitations, even though actual service was made upon the defendant in the State of New York within the limitation of time set forth in the applicable provisions of CPLB 203.
Defendant’s motion is granted, without costs.