Elizabeth WHEELER, Plaintiff,

v.

## STANDARD TOOL AND MANUFAC-TURING COMPANY, Defendant.

### No. 69 Civ. 5160.

United States District Court,
S. D. New York.

March 30, 1970.

Norman J. Landau, New York City, for plaintiff.

Reilly & Reilly, New York City, for defendant; Elsie M. Reilly, New York City, of counsel.

MANSFIELD, District Judge.

In this diversity suit for personal injuries, defendant moves pursuant to Rule 12(b), F.R.Civ.P., for dismissal of the action on the grounds that (1) the action is barred by the running of the statute of limitations, and (2) the court lacks personal jurisdiction over the defendant because it is not engaged in business in New York.

The accident giving rise to the action occurred in Connecticut on December 16, 1966. Plaintiff commenced suit in this court by filing her complaint here on November 21, 1969. On December 15, 1969, the summons and complaint were lodged with the United States Marshal in this district for service upon the defendant. The Marshal then forwarded the complaint to the United States Marshal in Newark, N.J., where it was received on December 22, 1969. The summons and complaint were then served upon the defendant on December 30, 1969. The statute of limitations applicable to actions for personal injuries in Connecticut and New York is three years.

Under federal law the statute of limitations is computed from the date of accrual of the cause of action to the date when the action is commenced in the federal courts by the filing of a complaint, Rule 3, F.R.Civ.P. If this action were governed by the Federal Rules, therefore, it would not be barred by the statute of limitations because it was commenced within three years after the occurrence of the accident. Defendant, however, contends that under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), the method and time of commencement of the accident is governed by the law of the State of New York, which computes the statute of limitations from the date of the accrual of the cause of action to the date

when the action is interposed by service of the summons upon defendant. N.Y. CPLR § 203(a).[1] Accordingly, if New York law governed, the action would be barred by the three-year statute of limitations since the summons was not served upon the defendant until more than three years after the accident.[2]

The sole authority cited by defendant for the proposition that New York law governs is Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958). This decision does not help the defendant, however. On the contrary, the court there, in affirming a district court decision in favor of the plaintiff upon an action based on the Federal Civil Rights Law, pointed out that while state law controlled as to the time within which such an action must be commenced, "the manner in which it is commenced and when it is deemed to have begun, being procedural and not substantive, is covered by the Federal Rules of Civil Procedure" (259 F.2d at 6).

Neither party has cited to us authorities which appear to govern the situation before us, notably Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) and Sylvestri v. Warner & Swasey Co., 398 F.2d 598 (2d Cir. 1968). It is true that the Supreme Court in Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), held that for the purposes of the Kansas statute of limitations the diversity tort action in that case had not been commenced until process had been served upon the defendant as required by Kansas law and hence was barred by the Kansas statute of limitations even though the complaint had been filed in accordance with Rule 3, F.R.Civ.P., within the period of the statute of limitations. However, in Hanna v. Plumer, *supra,* the Supreme Court reconsidered the entire question of the relationship of the Federal Rules to state law, and ruled that the method of service required to commence a lawsuit is governed by the Federal Rules rather than state law and that Erie R.R. v. Tompkins did not obligate the federal district court to follow the Massachusetts in-hand service procedure. Although the majority opinion of Chief Justice Warren distinguished *Ragan,* the concurring opinion of Justice Harlan pointed out that *Ragan* "if still good law, would * * * call for affirmance" and that in his opinion *Ragan* "was wrong" (at 476–477, 85 S.Ct. at 1147).

1. CPLR § 203 provides, in relevant part: "(a) Accrual of cause of action and interposition of claim. The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed. "(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant * * * when: * * * (4) the summons is delivered for service upon the defendant to the sheriff in a county in which the defendant resides, is employed or is doing business, or last resided, was employed or did business, or, where the defendant is a corporation, in a county in which it may be served, if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision * * *."

2. An action can also be interposed in New York if the summons is given to the sheriff for service upon the defendant within the period of limitations and he then serves the defendant within sixty additional days. CPLR § 203(b) (4) (see n. 1, *supra*) Were this section applicable to the instant case, the action could be brought in the New York state courts because the summons was delivered to the sheriff (assuming that the United States Marshal is the equivalent of the sheriff for purposes of the section, cf. Groninger v. Davison, 364 F.2d 638, 642 (8th Cir. 1966)) within the three-year statute of limitations and was then served upon the defendant within sixty additional days.

However, the plaintiff is not entitled to invoke this statute. The "sheriff" to which the statute refers does not include sheriffs in other jurisdictions. Bergstresser v. McCaig, 44 Misc.2d 237, 253 N.Y.S.2d 445 (Sup.Ct. Ontario Co. 1964). Hence the United States Marshal in New Jersey, who served the summons, does not qualify as a "sheriff" within § 203(b) (4) so as to extend the plaintiff's time for service.

More recently the Court of Appeals for the Second Circuit in *Sylvestri, supra,* affirming a decision of Judge Wyatt ruling that *Ragan* had been overruled by *Hanna,* took the view that under the circumstances of that case "the federal rule as to the time of commencement of an action governs" as against the New York rule and held that the action had been commenced within the statutory period.

We believe that the present case is governed by *Hanna* and *Sylvestri* and that the circumstances here, while distinguishable from those in *Ragan* [3] are not significantly different from those before the court in *Sylvestri.* Use of Rule 3 as the proper measure to decide if the action was commenced here for the purpose of determining whether the claim has been asserted prior to the expiration of the New York statute of limitations would not result in forum-shopping. When the plaintiff, a New York resident, filed her complaint on November 21, 1969, she had the choice of commencing the action either in the state court or the federal court and was not forced to resort to the federal court because of inability to effectuate service of summons prior to the expiration of the three-year statute of limitations.

It is also readily apparent that application of Rule 3 here does not substantially alter the character or outcome of the litigation from the consequences that would follow in the state courts. The same substantive law as to negligence and contributory negligence would be applied in both forums. Even as to the service of process plaintiff could have effectuated service of the summons and complaint within the period of the statute of limitations merely by obtaining a *pro forma* order authorizing such service to be made by her representative rather than through the Marshal. The present action, therefore, was commenced within three years and is not barred by the statute of limitations.

Turning to the second ground of plaintiff's motion, the contention that defendant does not do business in New York for the purposes of rendering itself amenable to process, defendant's papers are sketchy at best, and plaintiff urges in reply that defendant has entered into contracts in the State of New York, shipped machinery to various cities in New York, and engaged in other activities, including solicitation of sales, that have been sufficient to subject it to service of process here. Defendant, for instance, concedes that it is listed in the New York Manhattan telephone book, and that on occasion its salesmen do solicit business in New York.

■■ What constitutes "doing business" in order to render a foreign corporation amenable to process is not susceptible to exact delineation. Each case must be decided on its own facts, having in mind the nature of the action and the overall objective, which is to satisfy due process requirements. In other words, a foreign corporation must possess sufficient "minimum contacts" with the State of New York to make it apparent that maintenance of a suit here will not offend "traditional notions of fair play and substantial justice." *Diapulse Corp. of America v. Birtcher Corp.,* 362 F.2d 736 (2d Cir.), cert. denied, 385 U. S. 801, 87 S.Ct. 9, 17 L.Ed.2d 48 (1966); see also *Jaftex Corp. v. Randolph Mills, Inc.,* 282 F.2d 508 (2d Cir. 1960).

■ In view of the dearth of facts in the papers before us and the sharp conflict on the issue, plaintiff should be given the opportunity to develop further facts through taking of depositions of defendant's officers and witnesses.

Accordingly, the motion is denied without prejudice to its being renewed as to the claim that defendant is not engaged in business in New York after plaintiff has had an opportunity to take

---

3. *Ragan* was based on the principle that the cause of action, "created" by Kansas law, should also be governed by Kansas law. Here, however, the cause of action arose in Connecticut, not New York.

depositions, so that the court will then have before it a more complete statement of the pertinent facts.

It is so ordered.