Barbara BRATEL, Plaintiff,

v.

KUTSHER'S COUNTRY CLUB a/k/a Kutsher's Country Culb of Monticello, New York et al., Defendants.

No. 73 Civ. 330 CLB.

United States District Court, S. D. New York.

Nov. 16, 1973.

Norman J. Landau, New York City, for plaintiff.

Katz & Gantman by Dennis R. Connolly, New York City, for Kutsher's Country Club.

Smith, Griffin & Young by Gerald M. Griffin, New York City, for Harshe-Rotman and Druck, Inc.

Hanner, Onorato & Hogarty by Stephen I. Goldberg, New York City, for R. T. French Co. and Charles Chadwick.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

Defendants Kutsher's Country Club, Harshe-Rotman and Druck Inc., The R. T. French Co. and Charles Chadwick, have each moved for leave to amend

their answers served in March and April, 1973, so as to plead the three year statute of limitations provided by § 214(5) of the New York CPLR, as an affirmative defense said to have been omitted inadvertently, and, based on such proposed amended pleading, for judgment pursuant to Rule 12(c), F.R.Civ.P.

■ This is a diversity personal injury action. The accident occurred on January 22, 1970. Accordingly, January 21, 1973 was the last day within which to commence an action. But that day was Sunday. Accordingly, the action commenced on the following day, January 22, was timely. See Rule 6(a), F. R.Civ.P.

■ On that day, plaintiff filed the Complaint in this action in our Court, whereupon this action was "commenced" within the meaning of Rule 3, F.R.Civ. P., and such commencement was timely.

Our Marshal thereafter effected service with customary promptness. One defendant was served January 29th and two on February 1, 1973. Defendant Kutsher's Country Club was not served until February 20th, but the delay was caused solely as a result of the unconscionable conduct of others, not attributable to plaintiff. On January 29th at 3:30 P.M., and again on January 30th our Marshal attended at its substantial hotel, then open for business, and was put off with refusals, on claimed lack of authority, by those conducting its various activities, to accept service of process.

■ So long as the action was commenced prior to expiration of the statute of limitations, by filing a complaint under Rule 3, F.R.Civ.P., it is of no mo-

ment that service of process was not effected until after the statute expired.

Movants assert that the statute of limitations would not have been tolled and no action would have been deemed commenced in the New York State Supreme Court unless and until process had been served. Movants urge that this is a matter of substantive law in New York, and, under Ragan v. Merchants' Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), must be applied here in a diversity case.

■ The *Ragan* doctrine has been impliedly jettisoned, at least in this respect, by Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Our Circuit has so decided, directly, in Sylvestri v. Warner & Swasey Co., 398 F.2d 598 (2d Cir. 1968). See also Wheeler v. Standard Tool & Mfg. Co., 311 F.Supp. 1177 (S.D.N.Y.1970, *Mansfield*, J.).

■ The practice distinction is more apparent than real. In the New York Supreme Court, delivery of the summons to the Sheriff for service, on the last date for commencement of the action would have satisfied the statute, if, as occurred here, service were effected in sixty days. CPLR § 203(b)(5). A Sheriff, in New York, has functions analogous to our Marshal. Even if the *Ragan* case retained any vitality, plaintiff here effected substantial compliance with the New York state procedures necessary to toll the statute of limitations.

The motions are each denied in all respects. Counsel shall proceed forthwith to complete any required discovery, and shall attend before me at a pre-trial conference to be held in Room 618 on December 7, 1973 at 9:45 A.M.

So ordered.