**Josephine ZARCONE, as Executrix of the Estate of Thomas T. Zarcone, Deceased, and Josephine Zarcone, Plaintiff,**

v.

**William CONDIE, Defendant.**

**No. 72 Civ. 3949 (JMC).**

United States District Court,
S. D. New York.

April 16, 1974.

Supplemental Memorandum
April 25, 1974.

---

Robert G. Sullivan, New York City (Harry H. Lipsig, New York City, of counsel) for plaintiff.

Asher Marcus, New York City (Peter James Johnson, Leahey & Johnson, New York City, of counsel), for defendant.

## MEMORANDUM DECISION

CANNELLA, District Judge.

Defendant's motion, deemed made pursuant to Fed.R.Civ.P. 12(b)(2) and (5), for an order quashing service of the

summons and complaint herein, and dismissing this action for lack of jurisdiction over the person of the defendant, is denied. Plaintiff's cross-motion, made pursuant to Fed.R.Civ.P. 12(f), for an order striking certain of the affirmative defenses asserted by the defendant in his original and second answers is granted.

This action arises out of an automobile accident which occurred in New York City on January 31, 1972. Plaintiff's decedent, a pedestrian, is alleged to have been struck by defendant's automobile and seriously injured; he died six hours later. Plaintiff is the widow and personal representative of the decedent and is a citizen of New York. Defendant is a resident of New Jersey, thus, the court's jurisdiction is predicated upon the diversity of citizenship between the parties.

On September 13, 1972, plaintiff filed a complaint in this court and thereupon, the Clerk issued a summons. The summons and complaint were then delivered, on September 15, 1972, to the United States Marshal for this district for service upon the defendant. The Marshal for this District forwarded the summons and complaint to the Marshal for the district of New Jersey for service upon the defendant in that state and that Marshal, thereafter, served the defendant by leaving a copy of those documents with the defendant's wife at the defendant's home in Freehold, New Jersey on September 21, 1972.

On November 22, 1972, defendant filed an answer to the complaint, which answer recited the affirmative defense of lack of jurisdiction over the person of the defendant. Subsequently, the parties engaged in various forms of pretrial discovery and attended several pretrial conferences scheduled by Magistrate Jacobs. On March 7, 1974, defendant made the instant motion challenging the court's *in personam* jurisdiction over the defendant.

Plaintiff, faced with the defendant's motion and in advance of making the instant cross-motion, took several further steps with respect to obtaining personal jurisdiction over the defendant. On March 8, 1974, plaintiff commenced service upon the defendant pursuant to Section 253 of the New York Vehicle and Traffic Law, the "non-resident motorist statute", by delivering the summons and complaint to an office of the New York Secretary of State. On March 11, a copy of these documents together with the notice required by Section 253 were mailed to defendant at his home in New Jersey by certified mail, return receipt requested. Such receipt was signed and returned to the office of plaintiff's counsel on March 15, 1974. Service was, thereafter, completed on March 21, 1974, when the proof of service required by the statute was filed with this court. In addition, plaintiff caused the Marshal for this District to re-serve defendant, such service also being made pursuant to Section 253 of the Vehicle and Traffic Law, McKinney's Consol.Laws c. 71. Thereafter, on March 23, 1974, defendant filed a new answer to the complaint, which answer again asserted the affirmative defense of lack of personal jurisdiction over the defendant, and in addition, asserted the new affirmative defense of statute of limitations.

In connection with the instant motions, three principle questions have been raised and presented to the court. An affirmative answer to any one of the questions is sufficient to sustain a finding of good *in personam* jurisdiction over this defendant.

The first question presented, is whether the delivery of copies of the summons and complaint by the Marshal to the defendant's wife at the defendant's home in New Jersey on September 21, 1972 was sufficient to obtain personal jurisdiction over him on that date. This question must be answered in the negative.

■ Plaintiff, in support of its position that good personal jurisdiction over the defendant was obtained by virtue of the Marshal's September 21, 1972 service, places reliance upon three separate bodies of law. The first basis asserted is federal law, as set forth in Rule 4(d)(1) of the Federal Rules of Civil Procedure. That rule provides, in pertinent part, that service can be made "by leaving copies [of the summons and complaint] at [the defendant's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." The Marshal's September 21, 1972 delivery was in complete compliance with this provision, however, such substitute service was not available to plaintiff herein because use of Rule 4(d)(1) is clearly limited to instances where service is made within the territorial limits of the state in which the district court where the action is pending, sits. Fed.R.Civ.P. 4(f); 2 J. Moore, Federal Practice ¶ 4.42[2] at 1293.30 et seq. (1974); C. Wright, Law of Federal Courts, §§ 64, 65 at 263 et seq. (2 ed. 1970). Here, plaintiff's action was commenced in the Southern District of New York and service upon the defendant was made in the state of New Jersey, such service, across state lines, plainly renders Rule 4(d)(1) inapplicable. Plaintiff's assertion to the contrary is without merit.

■ The second method of service which plaintiff contends is a proper predicate for validating the September 21, 1972 service is that found in the law of the state of New Jersey. It is asserted that Rule 4:4–4 of the New Jersey Rules of Civil Procedure, a provision identical to that contained in Federal Rule 4(d)(1), set forth above, is here applicable, by virtue of Fed.R.Civ.P. 4(d)(7). Plaintiff's reliance on New Jersey law is misplaced. The 1963 amendment to Federal Rule 4(d)(7) clearly renders the law of New Jersey irrelevant to service of process in the instant case.

■ Lastly, plaintiff contends that the methods for out of state service of process established by New York law are applicable to this case and were complied with by the Marshal in effecting the September 21, 1972 delivery. It is beyond question that New York law concerning extraterritorial service process may be invoked in this court pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. On the facts relevant to the September 21st service, only one such New York method is colorably applicable; Section 308(2) of the Civil Practice Law and Rules, McKinney's Consol. Laws, c. 8. Extraterritorial service pursuant to Section 308(2) requires, *inter alia,* a jurisdictional predicate under the New York long-arm statute, C.P.L.R. 302(a)(2), and invokes the operation of C.P.L.R. 313, which states, in pertinent part:

> A person . . . subject to the jurisdiction of the courts of the state under section . . . 302 . . . may be served with the summons without the state, in the same manner as service is made within the state, by any person authorized to make service within the state who is a resident of the state or by any person authorized to make service by the laws of the state, territory, possession or country in which service is made or by any duly qualified attorney, solicitor, barrister, or equivalent in such jurisdiction.

That portion of Section 308(2) here relevant states:

> Personal service upon a natural person shall be made by any of the following methods: . . . 2. . . . by delivering the summons within the state [without the state] to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served *and* by mailing the summons to the person to be served at his last known residence . . . [emphasis added]

In short, section 313 provides that 308(2) service can be made outside of the state with the same effect as service made within the state, in instances where New York jurisdiction is predicated upon, *inter alia,* the long-arm statute.

In the present case, the September 21 service is defective because plaintiff complied with only one prong of the two-pronged requirement contained in Section 308(2). The delivery of the summons to defendant's wife at defendant's home (the first prong) was not followed by a mailing of the summons to defendant at his residence (the second prong), and it is for this reason that plaintiff's earlier service is ineffective under New York law.

For the reasons set forth above, the court finds that the September 21, 1972 service of the process upon this defendant was ineffective and insufficient, as a matter of law, and that the court did not thereby obtain *in personam* jurisdiction over him.

The second question presented on the instant motions, is whether the filing of the complaint with the Clerk of this Court on September 13, 1972, operated to toll the two year statute of limitations created by the wrongful death statute, N.Y.E.P.T.L. § 5–4.1, McKinney's Consol.Laws, c. 17–b, thereby causing the second service of the defendant, pursuant to N.Y.V. & T.L. § 253, to be timely. This question must also be answered in the negative.

In support of the position that such tolling effect occurred, plaintiff relies upon Rule 3 of the Federal Rules of Civil Procedure, which states "a civil action is commenced by filing a complaint with the court." This position is without merit.

It is long settled that a federal court sitting in diversity cannot give an action longer life than it would have had in a state court, and that if state law requires something more than the simple filing of the complaint within the limita-tions period in order that the action be commenced, such as proper service on the defendant, the same formalities must be completed for the action in federal court to be timely. This is the holding of Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Although the continuing vitality of the *Ragan* decision is a matter of some discussion, in light of the Supreme Court's subsequent decision in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (*See, e. g.,* Sylvestri v. Warner & Swasey Co., 244 F.Supp. 524 (S.D.N.Y. 1965); Callan v. Lillybelle Ltd., 39 F.R. D. 600 (S.D.N.Y.1966)), the better view is that *Ragan* continues to control in the situations to which it is directed. *See, e. g.,* Hendriksen v. Roosevelt Hospital, 276 F.Supp. 731 (S.D.N.Y.1967); C. Wright, *supra,* § 64 at 263.

The court finds the rule of *Ragan* controlling on the issue raised by the second question presented herein. The filing of the plaintiff's complaint with the Clerk in September 1972, standing alone, did not effectively toll the state created statute of limitations here involved. Subsequent effective service of process upon the defendant was required by state law and was, under *Ragan,* required herein. For the reasons set forth above, the service of process upon this defendant which occurred on September 21, 1972 (the only service attempted within the two year period) was insufficient to effectively obtain *in personam* jurisdiction over him and therefore, the applicable statute of limitations expired before the second service pursuant to the Vehicle and Traffic Law was attempted. Plaintiff's argument that the filing of the complaint operated to toll the statute of limitations, by virtue of Rule 3 of the Federal Rules of Civil Procedure, is unavailing here.

The third question raised on the instant motions, is whether the delivery of the summons and complaint to the United States Marshal for this District

on September 15, 1972, for the purposes of service upon the defendant, operated to create a 60 day extension of the wrongful death statute of limitations, thereby making the second service pursuant to the Vehicle and Traffic Law timely within that 60 day period. This question must be and is answered in the affirmative and it is for this reason that the court sustains the personal jurisdiction obtained over the defendant by means of the second service.

In support of an affirmative answer to this question, plaintiff relies upon Section 203(b)(5) of the New York Civil Practice Law and Rules, which provision states, in pertinent part:

(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when

. . .

5. The summons is delivered for service upon the defendant to the sheriff in a county in which the defendant resides, is employed or is doing business, or if none of the foregoing be known to the plaintiff after reasonable inquiry, then in a county in which defendant is known to have last resided, been employed or been engaged in business . . . if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision . . .

■ It is long settled that this Section (and its predecessor) is applicable to actions arising under the wrongful death statute and is available to extend the statute of limitations thereby created for a sixty day period. Kerr v. St. Luke's Hospital, 176 Misc. 610, 28 N.Y. S.2d 193 (Sup.Ct., New York), affirmed, 262 App.Div. 822, 29 N.Y.S.2d 141, affirmed, 287 N.Y. 673, 39 N.E.2d 291 (1941). *See also,* Rose v. United States, 73 F.Supp. 759, 761 (E.D.N.Y.1947); Irons v. Michigan-Atlantic Corp., 279 App.Div. 32, 108 N.Y.S.2d 824, 827 (4 Dept.1951); Application of Gillespie,

180 Misc. 139, 72 N.Y.S.2d 773 (Sup.Ct., Albany 1947). It is equally clear that Section 203(b)(5) is applicable to diversity actions brought in the Federal Courts of New York and that this court will deem the United States Marshal for this District to be the equivalent of the appropriate New York Sheriff in order to implement the operation of the statute. 28 U.S.C. § 570; Myers v. Slotkin, 13 F.R.D. 191 (E.D.N.Y.1952); Nola Electric Co., Inc., v. Riley, 93 F.Supp. 164 (S.D.N.Y.); cert. denied sub nom., Riley v. Goddard, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685 (1951).

■ Two further procedural points need be noted in connection with Section 203(b)(5). A summons and complaint delivered to the Sheriff [Marshal] during the limitations period must be served within sixty days of the expiration of that period, but such service need not be made by the Sheriff [Marshal] or his deputy; any person may effect service upon the defendant during the sixty day interval. 1 Weinstein, Korn & Miller, New York Civil Practice ¶ 203.18 at 2–76 (1974). Additionally, service made within the sixty day extension period can be by personal delivery or by any other method authorized and permissible under law. *Id.*

The application of the above set out legal principles to the relevant facts of this case is not a difficult matter. Plaintiff's decedent died on January 31, 1972 and, therefore, the statute of limitations fixed by the New York wrongful death statute, N.Y.E.P.T.L. § 5–4.1, would, as a matter of course, have expired on February 1, 1974. On September 15, 1972, a time clearly within the statute of limitations period, plaintiff caused a copy of the summons and complaint herein to be delivered to the United States Marshal for the Southern District of New York (who, in this instance, is deemed to act as the Sheriff of New York County) for the purposes of service upon the defendant. At all times here relevant, defendant was em-

ployed by the New York Post, a corporation maintaining its office in New York County. *See,* Defendants Answers to Interrogatories, No. 59. Good service, pursuant to Section 253 of the New York Vehicle and Traffic Law, was made upon this defendant on March 21, 1974, the date on which such service was completed by the filing of appropriate proofs of service with this court. The fact that the Marshal had previously attempted to serve the defendant and that such service was, as a matter of law, ineffective, (*See,* discussion *supra*) is plainly irrelevant to the creation and operation of the extension period specified in Section 203(b)(5) of the C.P.L.R. (The extension period would have come into operation even if the Marshal had made no attempt at service during the limitations period; service which is a nullity is the equivalent of no service at all.) In the instant case, Section 203(b)(5) operated to extend the statute of limitations until April 1, 1974, thereby making plaintiff's second service on the defendant pursuant to N.Y.V. & T.L. § 253, which was completed on March 21, 1974, timely.

For the foregoing reasons and on the facts of this case, the court concludes that the delivery of a copy of the summons and complaint to the United States Marshal for this District on September 15, 1972 was effective to bring into operation Section 203(b)(5) of the Civil Practice Law and Rules and that the second service of the defendant, pursuant to Section 253 of the Vehicle and Traffic Law, was timely, such service having been made within the sixty day extension period created by Section 203(b)(5).

Defendant's motion is denied and plaintiff's cross-motion is granted to the extent that paragraph "Fourth" of the defendant's original answer and paragraphs "Fourth" and "Sixth" of the defendant's answer dated March 23, 1974

are ordered to be stricken, pursuant to Fed.R.Civ.P. 12(f).

So ordered.

## SUPPLEMENTAL MEMORANDUM

In a memorandum decision dated April 16, 1974, the court disposed of certain motions addressed to the question of *in personam* jurisdiction over the defendant herein, William Condie. The present memorandum is intended to clarify one of the rulings there made by the court and to supplement, for the record, certain matters therein discussed. What follows is, therefore, incorporated by reference into that earlier memorandum decision and supercedes that decision with regard to the matters herein discussed.

In the memorandum decision of April 16, 1974, at page 8, the following question was posed and answered in the negative by the court:

The second question presented on the instant motions, is whether the filing of the complaint with the Clerk of this Court on September 13, 1972, operated to toll the two year statute of limitations created by the wrongful death statute, N.Y.E.P.T.L. § 5–4.1, thereby causing the second service of the defendant, pursuant to N.Y.V. & T.L. § 253, to be timely.

In so ruling, the court adhered to the rule enunciated by the Supreme Court in Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1939). This court there noted that although the continued vitality of *Ragan* had been called into question by the Supreme Court's subsequent decision in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), "the better view is that *Ragan* continues to control in the situations to which it is directed." Memorandum Decision of April 16, 1974 at 567.

In so proceeding, the court failed to take proper cognizance of the decision of

the Court of Appeals for the Second Circuit in *Sylvestri v. Warner & Swasey Co.*, 398 F.2d 598 (2 Cir. 1968).[1] In *Sylvestri* the court severely limited, if not entirely discarded, the applicability of the *Ragan* doctrine, finding support therefor in the *Hanna* case. *See also*, Hanna v. Plumer, *supra*, 380 U.S. at 476–477 (Harlan, J., concurring).

The Second Circuit's holding in *Sylvestri* may be generalized in the following terms: So long as a diversity of citizenship action is commenced in the district court prior to the expiration of the statute of limitations created by state law, by the filing of the complaint pursuant to Rule 3 of the Federal Rules of Civil Procedure, it is of no moment that service of process upon the defendant is not effected until after the statute of limitations has expired. *See also*, Wheeler v. Standard Tool & Mfg. Co., 311 F.Supp. 1177 (S.D.N.Y.1970) (Mansfield, D. J.); Bratel v. Kutsher's Country Club, 61 F.R.D. 501 (S.D.N.Y. 1973).

The court remains convinced that the rule enunciated in *Ragan* must be followed by the district courts, at least in those instances to which it is specifically directed, until the Supreme Court directs otherwise. However, for the purposes of the present case, the court is bound by the position taken by the Court of Appeals in *Sylvestri*.[2] Therefore, the court's ruling on the second question posed in the memorandum decision of April 16, 1974 should be modified so as to reflect an affirmative answer.[3]

For the reasons hereinabove stated, the Memorandum Decision of this court, dated April 16, 1974, is modified and amended in so far as the second question posed therein is answered in the affirmative. It is directed that the present memorandum be incorporated by reference into, and supercede, those portions of the April 16, 1974 Memorandum Decision to which it is directed.

So ordered.

1. In the earlier memorandum the court alluded to Judge Wyatt's opinion in *Sylvestri*, 244 F.Supp. 524 (S.D.N.Y.1965), which was affirmed by the Court of Appeals.

2. The application of Fed.R.Civ.P. 3 to the instant case, while at variance with the precise holding of *Ragan*, is in complete accord with its rationale. *Ragan*, is predicated upon the judicial philosophy of "outcome determinism", which is well exemplified by the phrase, "[w]e cannot give [a cause of action] longer life in the federal court than it would have had in the state court." 337 U. S. at 533–534. In the matter at bar, the employment of federal procedure is in no way "outcome determinative." As was stated in the court's April 16 decision, the present action is timely commenced under state law by virtue of the operation of N.Y. C.P.L.R. 203(b)(5). The utilization of Rule 3, far from altering the outcome, merely provides another road on which the state permitted outcome can be reached. *See also*, Wheeler v. Standard Tool & Mfg. Co., *supra*, 311 F.Supp. at 1179, n. 2; Bratel v. Kutsher's Country Club, *supra*, 61 F.R.D. at 502.

3. Applying Fed.R.Civ.P. 3, the instant action was commenced when plaintiff filed her complaint with the Clerk of this Court on September 13, 1972. From that moment, the statute of limitations created by the New York Wrongful Death Statute, N.Y.E.P.T.L. § 5-4.1, was effectively tolled and the subsequent service of process upon the defendant which was completed on March 21, 1974, and which was made pursuant to N.Y.V.T.L. § 253, was sufficient to obtain valid in personam jurisdiction over him.